**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:      THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____
)
VALEO NORTH AMERICA,                                )
)
Plaintiff,                        )
)
v.                         )          Court No. 21-00426
)
UNITED STATES,                                      )
)
Defendant.                   )
_____)

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT-MATTER JURISDICTION**

<table>
<tr><td></td><td>BRIAN M. BOYNTON<br>Acting Assistant Attorney General</td></tr>
<tr><td></td><td>JEANNE E. DAVIDSON<br>Director</td></tr>
<tr><td>OF COUNSEL:</td><td>REGINALD T. BLADES, JR.<br>Assistant Director</td></tr>
<tr><td>LESLIE M. LEWIS<br>Attorney<br>Office of the Chief Counsel<br>   for Trade Enforcement and Compliance<br>U.S. Department of Commerce</td><td>KYLE S. BECKRICH<br>Trial Attorney<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (212) 616-9322<br>E-mail: Kyle.Beckrich@usdoj.gov</td></tr>
<tr><td>November 1, 2021</td><td>Attorneys for Defendant United States</td></tr>
</table>

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES..............................................................................................ii

STATEMENT OF FACTS ............................................................................................... 2

SUMMARY OF ARGUMENT ........................................................................................ 4

ARGUMENT .................................................................................................................... 5

     I.     Standard Of Review ........................................................................................ 5

     II.    The Court Does Not Possess Jurisdiction To Entertain Valeo's Complaint............6

          A.    The Court Lacks Jurisdiction Because The Controversy Is Moot ............. 6

          B.    The Court Lacks Jurisdiction Pursuant To Section 1581(i) Because Valeo May Seek Review Pursuant To Section 1581(c) ...................................... 9

          C.    Relief Available Pursuant To Section 1581(c) Is Not Manifestly Inadequate ............................................................................................12

CONCLUSION.................................................................................................................14

i

**TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

*Abitibi-Consolidated Inc. v. United States*,
   437 F. Supp. 2d 1352 (Ct. Int'l Trade 2006) ...................................................13

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006) .......................................................................................... 5

*Chafin v. Chafin*,
   568 U.S. 165 (2013) .......................................................................................7, 9

*Consol. Bearings Co. v. United States*,
   348 F.3d 997 (Fed. Cir. 2003) ...........................................................................10

*CP Kelco (Shandong) Biological Co., Ltd. v. United States*,
   145 F. Supp. 3d 1366 (Ct. Int'l Trade 2016) ...................................................13

*Duferco Steel, Inc. v. United States*,
   403 F. Supp. 2d 1281 (Ct. Int'l Trade 2005) ...................................................10

*Erwin Hymer Grp. N. Am. v. United States*,
   930 F. 3d 1370 (Fed. Cir. 2019) .......................................................................10

*Etheredge v. Hail*,
   996 F.2d 1173 (11th Cir. 1993) ......................................................................... 7

*Genesis Healthcare Corp. v. Symczyk*,
   569 U.S. 66 (2013) ....................................................................................6, 7, 9

*Husqvarna Construction Prods. N. Am. v. United States*,
   36 C.I.T. 1618 (2012) ........................................................................................ 8

*Hutchison Quality Furniture, Inc. v. United States*,
   827 F.3d 1355 (Fed. Cir. 2016) .........................................................................12

*Int'l Customs Prods. v. United States*,
   467 F.3d 1324 (Fed. Cir. 2006) .........................................................................13

*Iron Arrow Honor Society v. Heckler*,
   464 U.S. 67 (1983) ............................................................................................ 6

*JCM, Ltd. v. United States*,
   210 F.3d 1357 (Fed. Cir. 2000) .........................................................................10

*Knox v. Serv. Employees*,
   567 U.S. 298 (2012) .......................................................................................... 7

*McNutt v. Gen. Motors Acceptance Corp. of Indiana,*
298 U.S. 178 (1936) .................................................................................. 5

*Miller & Co. v. United States,*
824 F.2d 961 (Fed. Cir. 1987) ......................................................... 6, 10, 13

*Mitsubishi Polyester Film, Inc. v. United States,*
228 F. Supp. 3d 1359 (Ct. Int'l Trade 2017) ......................................... 8, 9

*N. Am. Rubber Thread Co. v. United States,*
593 F.3d 1346 (Fed. Cir. 2010) .............................................................. 10

*Norcal/Crosetti Foods, Inc. v. United States,*
963 F.2d 356 (Fed. Cir. 1992) ................................................................ 10

*Norsk Hydro Can., Inc. v. United States,*
472 F.3d 1347 (Fed. Cir. 2006) ................................................................ 5

*Prods. Co., Ltd. v. United States,*
406 F.3d 1377 (Fed. Cir. 2005) ................................................................ 6

*Shah Broths., Inc. v. United States,*
770 F. Supp. 2d 1367 (Ct. Int'l Trade 2011) ........................................... 5

*Sunpreme, Inc. v. United States,*
892 F.3d 1186 (Fed. Cir. 2018) ................................................................ 6

*Techsnabexport, Ltd. v. United States,*
795 F. Supp. 428 (Ct. Int'l Trade 1992) ................................................. 12

*Ticaret A.S. v. United States,*
986 F. Supp. 2d 1381 (Ct. Int'l Trade 2014) ...................................... 5, 13

*Tokyo Kikai Seisakusho, Ltd. v. United States,*
403 F. Supp. 2d 1287 (Ct. Int'l Trade 2005) ......................................... 12

*Verson v. United States,*
5 F. Supp. 2d 963 (Ct. Int'l Trade 1998) ............................................. 6, 7

*Wanxiang Am. Corp. v. United States,*
399 F. Supp. 3d 1323 (Ct. Int'l Trade 2019) ......................................... 10

**Statutes**

28 U.S.C. § 1581 ..................................................................................*passim*

**Regulations**

19 C.F.R. § 351.225...................................................................................2, 3, 7, 8

19 C.F.R. § 351.302.......................................................................................3, 8

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:        THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____
                                                                    )
VALEO NORTH AMERICA, INC.,                  )
                                                                    )
                          Plaintiff,                            )
                                                                    )
              v.                                                    )            Court No. 21-00426
                                                                    )
UNITED STATES,                                        )
                                                                    )
                          Defendant.                         )
_____)

**<u>ORDER</u>**

Upon consideration of defendant's motion to dismiss the complaint, and all other

pertinent papers filed and proceedings held in this action, it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that the complaint filed in this action is dismissed.

Dated: _____                    _____
            New York, New York                                      Mark A. Barnett, Chief Judge

1

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:      THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____
                                                      )
VALEO NORTH AMERICA,                                  )
                                                      )
                Plaintiff,                            )
                                                      )
        v.                                            )        Court No. 21-00426
                                                      )
UNITED STATES,                                        )
                                                      )
                Defendant.                            )
_____)

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss all counts of plaintiff Valeo North America's (Valeo) complaint in their entirety because the Court does not possess subject-matter jurisdiction over the case. Valeo's complaint requests that the Court order the Department of Commerce (Commerce) to issue a final scope ruling as to whether the product Valeo imports falls within the scope of the common alloy aluminum sheet from the Republic of China antidumping and countervailing duty orders. When Valeo filed its complaint, Commerce was preparing to issue and, at this time, Commerce has issued the requested scope ruling.

Valeo alleges that this Court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 1581(i). However, because Commerce issued a final scope ruling on October 15, 2021, the Court does not possess jurisdiction to entertain Valeo's complaint, which is now moot. Further, because Valeo may seek relief under 28 U.S.C. § 1581(c), the Court lacks jurisdiction under § 1581(i). If Valeo desires to seek judicial review of the final scope determination, it may do so

as directed by statute pursuant to 28 U.S.C. § 1581(c), which provides an adequate remedy for Valeo to pursue claims related to the final scope ruling.

## STATEMENT OF FACTS

In February 2019, Commerce published antidumping and countervailing duty orders covering certain aluminum common alloy sheet from China. *See Common Alloy Aluminum Sheet from the People's Republic of China*, 84 Fed. Reg. 2,813 (Dep't of Commerce February 8, 2019) (antidumping duty order), and 84 Fed. Reg. 2,157 (Dep't of Commerce February 6, 2019) (countervailing duty order) (collectively, the orders); *see also* Compl. ¶ 2.

Under Commerce's regulations, Commerce may determine whether a particular product is included within the scope of an existing antidumping or countervailing duty order as such issues arise upon application by an interested party. 19 C.F.R. § 351.225(a), *et seq*.[1] Once an interested party submits a scope ruling application, Commerce will "{w}ithin 45 days of the date of receipt of an application for a scope ruling . . . issue a final {scope} ruling under {19 C.F.R. § 351.225(d), *i.e.*, a ruling based upon the scope ruling application and merchandise descriptions in accordance with 19 C.F.R. § 351.225(k)(1)} or … initiate a scope inquiry under {19 C.F.R. § 351.225(e), *i.e.*, considering additional factors under 19 C.F.R. § 351.225(k)(2)}." 19 C.F.R. §

---

[1] Citations herein correspond with the 2020 edition of Commerce's regulations at 19 C.F.R. § 351.225, *et seq*. In September 2021, Commerce published amendments to certain of its scope regulations. *See Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52,300 (Dep't of Commerce September 20, 2021). However, these amendments do not apply to this case because Valeo's scope ruling request was filed prior to November 4, 2021, the date on which the amended regulations become effective.

351.225(c)(2); Compl. ¶ 5.  Commerce may, for good cause, extend the time for issuing a scope ruling.  19 C.F.R. § 351.302(b); Compl. ¶ 6.

On May 1, 2020, Valeo submitted a scope ruling request to Commerce, requesting the agency to find that its imports of certain heat-treated T-series sheet from China are outside of the scope of the orders.  Compl. ¶ 3.  In June 2020, Commerce rejected Valeo's scope ruling request because it had not been properly filed pursuant to Commerce's regulations.  Compl. ¶ 7.  In July 2020, Commerce notified Valeo that it would not consider its second scope request, filed on June 5, 2020,[2] nor would the 45-day regulatory time frame commence until Valeo properly submitted on the record all the information necessary for a scope ruling, which it had yet to do.  Compl. ¶ 8.

On August 7, 2020, Valeo submitted another scope ruling application along with responses to Commerce's supplemental questions.  Compl. ¶ 9.  Thereafter, for "good cause" pursuant to 19 C.F.R. § 351.302(b), Commerce three times extended the 45-day time frame to issue a final scope ruling or to initiate a scope inquiry.  Ultimately, on February 3, 2021, Commerce rejected as insufficient Valeo's third scope ruling request.  Compl. ¶ 10.

On March 24, 2021,[3] Valeo submitted a complete scope ruling request containing more than 400 pages of technical information regarding the product subject to its request.  Compl. ¶ 12.  Following this submission, Commerce three times extended the 45-day regulatory time frame to issue a final scope ruling or to initiate a scope inquiry for "good cause."  *See* Compl. ¶ 13 (identifying three extensions).  On October 15, 2021, Commerce issued a final scope ruling pursuant to 19 C.F.R. § 351.225(d), finding that Valeo's imports of heat-treated T-series sheet

---

[2]  Because Valeo's scope request was filed on June 5, 2020, Valeo's scope request is considered to be filed on June 5, despite being dated June 4, 2020.  Compl. ¶ 8.

[3]  Because Valeo's scope request was submitted after 5pm on March 23, 2021, it is considered to have been filed on March 24, 2021.

from China are within the scope of the orders.  *See* Public Exhibit A:  Memorandum,

"Antidumping and Countervailing Duty Orders on Aluminum Sheet from the People's Republic

of China; Final Scope Ruling Determination:  Valeo's Heat-Treated T-Series Aluminum Sheet,"

dated October 15, 2021.  On that same date, Commerce sent via FedEx[4] the final scope ruling to

interested parties including Valeo.  *See* Public Exhibit B: Memorandum, "Final Scope Ruling on

the Antidumping Duty Order and Countervailing Duty Order on Common Alloy Aluminum

Sheet from the People's Republic of China:  Proof of Certified Mailing," dated October 15,

2021.

## SUMMARY OF ARGUMENT

The Court should dismiss Valeo's complaint because it is moot and the Court, therefore,

lacks jurisdiction.  The true nature of Valeo's complaint is to compel Commerce to issue a final

scope ruling or to initiate a formal scope inquiry with respect to Valeo's March 24, 2021 scope

request.  On October 15, 2021, Commerce issued and sent to the parties a final scope ruling

pursuant to § 351.225(d) of Commerce's regulations, which constitutes final agency action in the

administrative scope proceeding.  That final action by Commerce rendered Valeo's complaint

moot, and as a result, the Court does not possess subject-matter jurisdiction.

If Valeo wishes to pursue claims related to the final scope ruling, including claims that

Commerce's extensions lacked "good cause," Valeo must file a complaint invoking this Court's

jurisdiction under 28 U.S.C. § 1581(c).  Because jurisdiction is available to Valeo under section

1581(c), exercise of this Court's narrow residual jurisdiction under section 1581(i) to consider

the "good cause" claim is unavailable.  Further, relief under section 1581(c) is not manifestly

---

[4]  As a result of the global COVID-19 pandemic, Commerce has used alternate means of
sending documents to interested parties including by way of Federal Express ("FedEx").

inadequate because Valeo may invoke the Court's jurisdiction under section 1581(c) to challenge Commerce's scope ruling, including any challenges to the time extensions. Thus, Valeo's complaint should be dismissed in its entirety for lack of jurisdiction because the case is moot and because the Court does not possess jurisdiction under section 1581(i).

## ARGUMENT

### I.   Standard Of Review

Like all Federal courts, the Court of International Trade is a court of limited jurisdiction. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The party seeking to invoke the Court's jurisdiction has the burden of establishing that jurisdiction exists. *Id*. If a party challenges the Court's jurisdiction, a plaintiff cannot rely merely upon the allegations in the complaint but must bring forth relevant evidence competent to establish jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

Whether jurisdiction exists is a question of law for the Court. *Shah Broths., Inc. v. United States*, 770 F. Supp. 2d 1367, 1370 (Ct. Int'l Trade 2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." U.S.C.I.T. R. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("{W}hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."). Indeed, "{t}he court may dismiss a case for lack of subject-matter jurisdiction on its own motion because the court must enforce the limits of its jurisdiction." *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, 986 F. Supp. 2d 1381, 1384 (Ct. Int'l Trade 2014) (citations omitted). In assessing the relevant jurisdictional basis, moreover, the Court must "look

to the true nature of the action." *Sunpreme, Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018) (citation omitted).

In assessing the Court's jurisdiction, the Court must consider whether the plaintiff presents a live controversy. A claim that has become moot must be dismissed for lack of subject-matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78-79 (2013). "In order to satisfy the case or controversy requirement, 'a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision.'" *Verson v. United States*, 5 F. Supp. 2d 963, 966 (Ct. Int'l Trade 1998) (quoting *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983)).

Further, when a party invokes the Court's jurisdiction under 28 U.S.C. § 1581(i) and jurisdiction under another provision of 28 U.S.C. § 1581 "is or could have been available," the party "has the burden to show how that remedy would be manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). As a waiver of sovereign immunity, the Court's jurisdiction pursuant to section 1581(i) is strictly construed, and any ambiguities must be resolved in favor of immunity. *See Yancheng Baolong Biochem. Prods. Co., Ltd. v. United States*, 406 F.3d 1377, 1382 (Fed. Cir. 2005). When the requirements for establishing jurisdiction are not satisfied, the complaint must be dismissed pursuant to Rule 12(b)(1).

## II.  The Court Does Not Possess Jurisdiction To Entertain Valeo's Complaint

### A.  The Court Lacks Jurisdiction Because The Controversy Is Moot

The Court should dismiss Valeo's complaint because it is now moot. Although Valeo's complaint includes two separate counts, the true nature of Valeo's action is to compel agency action on its request that Commerce determine whether its product is within the scope of the orders. *See* Compl. ¶¶ 29-30; 31-37 (alleging, in Count One, that the Court must compel agency

6

action which has been extended past the regulatory deadline, and, in Count Two, that Valeo is entitled to declaratory judgment as to the lawfulness of the extensions).  On October 15, 2021, consistent with Commerce's regulations, Commerce issued a final scope ruling with respect to Valeo's scope ruling request and sent it via FedEx to Valeo and petitioner on that same day.  *See* Public Exhibits A and B.  Commerce's final scope ruling constitutes final agency action and renders any challenge to Commerce's failure to issue a scope ruling or to initiate a formal scope inquiry moot.  Accordingly, Valeo's action should be dismissed for lack of subject-matter jurisdiction.

As set forth above, a suit becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotations and citations omitted); *see also Etheredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").  "In order to satisfy the case or controversy requirement, 'a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision.'"  *Verson*, 5 F. Supp. 2d at 966.  Thus, mootness occurs "when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party."  *Knox v. Serv. Employees*, 567 U.S. 298, 307 (2012) (internal quotations omitted).  A claim that has become moot must be dismissed for lack of subject-matter jurisdiction.  *Genesis Healthcare Corp.*, 569 U.S. at 78-79 (2013); *Chafin*, 568 U.S. at 172.

On October 15, Commerce lawfully issued a final scope ruling determination with respect to Valeo's scope request.  *See* Public Exhibit A.  As Valeo alleges, Commerce's regulations provide that Commerce will issue a final scope ruling or initiate a formal scope inquiry within 45-days of submission of the scope ruling request application.  Compl. ¶ 5; 19

C.F.R. § 351.225(c)(2). The regulations do not set forth a penalty or other consequence for extending the 45-day timeframe and Commerce's regulations contemplate extension of the time limit for "good cause." 19 C.F.R. § 351.302(b) ("Unless expressly precluded by statute, {Commerce} may, for good cause, extend any time limit established by this part."); Compl. ¶ 6. Further, this Court has determined that "the time period in § 351.225(c)(2) is directory, not mandatory, as it does not specify a consequence for failure to comply with the provision." *Mitsubishi Polyester Film, Inc. v. United States*, 228 F. Supp. 3d 1359, 1382 (Ct. Int'l Trade 2017) (finding Commerce's failure to strictly abide by its own procedural timeframe rules does not render its scope determination invalid) (remanding on other grounds); *see also Husqvarna Construction Prods. N. Am. v. United States*, 36 C.I.T. 1618, 1625 (2012) ("Because Congress imposed no consequence for Commerce's failure to issue its final results with the timelines set forth {in the applicable statutory provision}, the timeframe is directory, not mandatory."). Therefore, Commerce's 45-day regulatory timeframe to issue a final scope ruling or to initiate a formal scope inquiry is not mandatory, and Commerce's final scope ruling issued outside of the 45-day time frame for "good cause" is consistent with applicable law. *See* 19 C.F.R. §§ 351.225(c)(2); 351.302(b). As such, the final scope ruling determination issued by Commerce on October 15, 2021, constitutes a valid, final agency action in the scope proceeding pertaining to Valeo's scope ruling request.

Valeo's complaint, in part, contests Commerce's failure to issue a final scope ruling or to initiate a formal scope inquiry within the regulatory time frame. Compl. ¶¶ 14, 15. Valeo requests that the Court order Commerce to make a scope ruling or to initiate a formal scope inquiry, and to "conduct the scope inquiry according to the regulations in effect at the time of the scope ruling application." *See* Compl. at Prayer for Relief, ¶ 3; *see also* Compl. ¶ 29-30 (stating

that the Court must compel agency action "unreasonably delayed").  Because Commerce has issued final agency action on Valeo's scope ruling request, Valeo's dispute is no longer a "live" controversy, and the Court cannot provide meaningful relief.  Accordingly, Valeo's complaint is moot and should be dismissed for lack of subject-matter jurisdiction.  *Genesis Healthcare Corp.*, 569 U.S. at 78-79; *Chafin*, 568 U.S. at 172.

      **B.**     **The Court Lacks Jurisdiction Pursuant To Section 1581(i) Because Valeo May Seek Review Pursuant To Section 1581(c)**

      Valeo also seeks declaratory relief from the Court that Commerce's extensions of the 45-day regulatory time frame lacked "good cause" and constitute "an unreasonable delay of an otherwise required agency action."  *See* Compl. at Prayer for Relief, ¶ 2; *see also* Compl. ¶¶ 31-37 (stating that Valeo is entitled to declaratory relief as to the lawfulness of the extensions).  Thus, the true nature of Valeo's action seeks to compel agency action on its scope ruling request, and Valeo's other claims are peripheral to the controversy.  *Id*.

      As explained above and fatal to this Court's jurisdiction over Valeo's claim, this Court has determined that "the time period in § 351.225(c)(2) is directory, not mandatory, as it does not specify a consequence for failure to comply with the provision."  *Mitsubishi Polyester Film,* 228 F. Supp. 3d at 1382.

      Moreover, this Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i) is narrow.  Section 1581(i) provides the Court of International Trade with jurisdiction over actions arising out of "any law of the United States providing for – . . . (1)(D) administration and enforcement with respect to matters referred to in paragraphs (A)-(C) of this subsection and subsections (a)-(h) of this section."  The statute qualifies the scope of section 1581(i) jurisdiction by providing that "(2) {t}his subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable by . . . (A) the Court of International Trade under section

516A(a) of the Tariff Act of 1930 . . . ." 28 U.S.C. § 1581(i)(2)(A).  The express limitation  upon

the exercise of section 1581(i) is further supported by its legislative  history:

> The Committee intends that any determination specified in section 516A of the
> Tariff Act of 1930,  *or any preliminary administrative action which, in the course*
> *of the proceeding, will be, directly or by implication, incorporated in or*
> *superseded by any such determination, is reviewable exclusively as provided in*
> *section 516A.*

H.R. Rep. No. 96-1235 at 33, 47, 48, *as reprinted in* 1980 U.S.C.C.A.N. 3729, 3759-60

(emphasis added).

Thus, Congress barred using section 1581(i) to circumvent the jurisdictional scheme for

review of antidumping or countervailing duty determinations.   As the Federal Circuit has

repeatedly held, section 1581(i) jurisdiction  "may not be invoked when jurisdiction  under

another subsection of § 1581 is or *could have been available*, unless the remedy provided under

that other subsection would be manifestly inadequate." *See Erwin Hymer Grp. N. Am. v. United*

*States*, 930 F. 3d 1370, 1374-75 (Fed. Cir. 2019) (emphasis in original; internal quotations and

citation omitted); *see also Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed.

Cir. 1992); *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000); *Consol. Bearings*

*Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003); *Miller & Co.*, 824 F.2d at 963.

Indeed, "{s}ection 1581(i) is a litigant's port of last resort" and thus, "{i}f a plaintiff can access

the Court of International Trade through . . . any other means short of invoking section 1581(i) –

it must avail itself of {that} avenue of approach." *Duferco Steel, Inc. v. United States*, 403 F.

Supp. 2d 1281, 1253 (Ct. Int'l Trade 2005) (citations and internal quotations omitted); *see also*

*Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States*, 593 F.3d 1346, 1353 (Fed. Cir.

2010) (exercising jurisdiction pursuant to section 1581(i) only when remedies were unavailable

under another subsection); *Wanxiang Am. Corp. v. United States*, 399 F. Supp. 3d 1323 (Ct. Int'l

Trade 2019) (granting Government's motion to dismiss § 1581(i) case for lack of jurisdiction when § 1581(c) jurisdiction could have been invoked and the challenged action did not constitute final agency action), *aff'd*, 12 F. 4th 1369 (Fed. Cir. 2021).

Jurisdiction under another subsection of section 1581 is available to Valeo. Specifically, now that Commerce has issued a final scope ruling in the scope proceeding, if dissatisfied with the outcome, Valeo may seek relief for claims related to the final determination pursuant 1581(c), which provides that, "{t}he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A . . . of the Tariff Act of 1930." 28 U.S.C. § 1581(c); *Sunpreme*, 892 F.3d at 1193 ("Once an adverse scope ruling is obtained, a complaint may be filed with the CIT pursuant to that court's jurisdiction under § 1581(c).").

Scope ruling determinations are reviewable by the Court under Section 516A. Section 516A sets the time limits and lists the determinations subject to judicial review, including final scope ruling determinations. Section 1516a(a)(2)(B)(vi) includes determinations issued "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of {antidumping or countervailing} duty order." 19 U.S.C. § 1516a(a)(2)(B)(vi) (describing a scope ruling determination). Within 30 days after the date of mailing of the final determination rendered by Commerce pursuant to § 1516a(a)(2)(B)(vi), "an interested party who is a party to the proceeding in which the matter arises may commence an action in the Court of Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusion upon which the determination is based." 19 U.S.C. § 1516a(a)(2)(A)(ii).

Now that Commerce has issued and sent its final scope ruling determination as to whether the product imported by Valeo is within the class or kind of merchandise described in the orders, Valeo may pursue claims related to the final scope ruling properly invoking the Court's § 1581(c) jurisdiction.   19 U.S.C. §§ 1516a(a)(2)(A)(ii);  1516a(a)(2)(B)(vi).   Because another avenue of relief is available to Valeo, the Court may not exercise jurisdiction pursuant to section 1581(i).

      C.    <u>Relief Available Pursuant To Section 1581(c) Is Not Manifestly Inadequate</u>

This Court generally exercises section 1581(i) jurisdiction only in cases when "failure to review the interim determination will *preclude review*" and when review under another section would be manifestly inadequate.  *See, e.g., Techsnabexport, Ltd. v. United States*, 795 F. Supp. 428, 432-33 (Ct. Int'l Trade 1992) (citations omitted) (emphasis added); *Tokyo Kikai Seisakusho, Ltd. v. United States*, 403 F. Supp. 2d 1287, 1294 (Ct. Int'l Trade 2005) (no 1581(i) jurisdiction to entertain interlocutory challenge of the authority to initiate); *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1360 (Fed. Cir. 2016).

The gravamen of Valeo's complaint is that Commerce had not issued a final scope ruling or initiated a formal scope inquiry within the 45-day regulatory time frame and that Commerce three times extended the deadline.  Compl. ¶¶ 14, 15.  But Valeo cannot demonstrate that relief under section 1581(c) would be "manifestly inadequate."  First, on October 15, 2021, Commerce issued a final scope ruling determination, so Valeo's complaint is moot.  Second, and moreover, a complaint under § 1581(c) is available for Valeo to challenge Commerce's final scope determination, including any challenge to the time extensions.  Pursuant to a § 1581(c) complaint, Valeo would have a full opportunity to contest both Commerce's interpretation of its regulations and the methodological choices made, with the possibility of remand to Commerce.

*See Miller & Co.*, 824 F.2d at 961.  As the Court of Appeals for the Federal Circuit has explained, "'mere allegations of financial harm, or assertions that an agency failed to follow a statute, do not make the remedy established by Congress manifestly inadequate.'" *Int'l Customs Prods. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (quoting *Miller & Co.*, 824 F.2d at 964)).  Further, this Court consistently has dismissed actions brought under section 1581(i) on the basis that the plaintiff could bring action under section 1581(c) at final agency action.  *See, e.g.*, *CP Kelco (Shandong) Biological Co., Ltd. v. United States*, 145 F. Supp. 3d 1366, 1374 (Ct. Int'l Trade 2016) (holding that Court lacked section 1581(i) jurisdiction when plaintiff challenged Commerce's decision not to select company as voluntary respondent); *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, 986 F. Supp. 2d 1381, 1384 (Ct. Int'l Trade 2014) (explaining that the fact that "judicial review may be delayed by requiring a party to wait for Commerce's final determination . . . is not enough to make judicial review under § 1581(c) manifestly inadequate); *Abitibi-Consolidated Inc. v. United States*, 437 F. Supp. 2d 1352, 1362 (Ct. Int'l Trade 2006) (finding no jurisdiction when plaintiff challenged Commerce's respondent selection determinations during an ongoing proceeding, seeking to be included in the administrative review, and seeking injunctive relief).

     As an interested party participating in the scope proceeding, Valeo could bring action under section 1581(c) if it is dissatisfied with the outcome of Commerce's final scope ruling issued on October 15, and judicial review provided under that section is not "manifestly inadequate."  Thus, exercise of this Court's residual jurisdiction under section 1581(i) is unavailable.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss Valeo's complaint in its entirety because the Court does not possess subject-matter jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.

OF COUNSEL:                                REGINALD T. BLADES, JR.
                                                        Assistant Director
LESLIE M. LEWIS
Attorney                                        /s/ Kyle S. Beckrich
Office of the Chief Counsel            KYLE S. BECKRICH
    for Trade Enforcement and Compliance    Trial Attorney
U.S. Department of Commerce        Department of Justice
                                                        Civil Division
                                                        Commercial Litigation Branch
                                                        PO Box 480, Ben Franklin Station
                                                        Washington, D.C. 20044
                                                        Tel: (212) 616-9322
                                                        E-mail: Kyle.Beckrich@usdoj.gov

November 1, 2021                        Attorneys for Defendant United States